UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN MICHAEL LONG, | No. 2:23-cv-01739 KJM DB P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| WORLD, | |
| Defendant. | |

Plaintiff is a county inmate proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims his brain is being threatened and he has been denied his right to assemble due through restriction of his access to the internet. (ECF No. 1 at 6.) Presently before the court is plaintiff's motion to proceed in forma pauperis. (ECF No. 2.) For the reasons set forth below, the undersigned will recommend that the motion to proceed in forma pauperis be denied.

**IN FORMA PAUPERIS**

**I.     In Forma Pauperis Statute**

The Prison Litigation Reform Act of 1995 ("PLRA") permits a federal court to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees.

////

1   However,

> [i]n no event shall a prisoner bring a civil action . . . [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

This "three strikes rule" was part of "a variety of reforms designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good." Coleman v. Tollefson, 575 U.S. 532, 535 (2015) (quoting Jones v. Bock, 549 U.S. 199, 204 (2007) (brackets in original)). If a prisoner has "three strikes" under § 1915(g), the prisoner is barred from proceeding in forma pauperis unless he meets the exception for imminent danger or serious physical injury. See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). To meet this exception, the complaint of a "three-strikes" prisoner must plausibly allege that the prisoner was faced with imminent danger of serious physical injury at the time his complaint was filed. See Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2015); Andrews, 493 F.3d at 1055.

## II.    Has Plaintiff Accrued Three Strikes

A review of actions filed by plaintiff reveals that plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless he was at the time the complaint was filed, under imminent danger of serious physical injury. Plaintiff has previously been found to have accrued three strikes. See Michael Long v. United States, No. 1:23-cv-01117 ADA BAM, 2023 WL 5103440 (E.D. Cal. July, 2023), findings and recommendations adopted by 2023 WL 5311610 (E.D. Cal. Aug. 17, 2023.)

The court takes judicial notice of those cases and plaintiff's prior filings described therein. MCIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986) (A court may take judicial notice of its own records and the records of other courts).

////

////

////

1   Those cases include: (1) Long v. USA, Case No. 1:13-cv-01368-SAB (E.D. Cal.) (dismissed on
2   Sept. 11, 2013 as frivolous); (2) Long v. USA, Case No. 1:13-cv-01228-JLT (E.D. Cal.)
3   (dismissed on Jan. 16, 2014 as frivolous); (3) Long v. Stanislaus Cty. Super. Ct., Case No. 1:13-
4   cv-01370-SAB (E.D. Cal.) (dismissed on May 1, 2014 for failure to state a claim); (4) Long v.
5   USA California, Case No. 1:13-cv-01256-GSA (E.D. Cal.) (dismissed on June 23, 2014 for
6   failure to state a claim).  These strikes all occurred prior to plaintiff's initiation of the present
7   action on August 14, 2023.  (ECF No. at 1.)

### III. Does Plaintiff Meet the Imminent Danger Exception

Plaintiff has accrued three strikes. Therefore, plaintiff is precluded from proceeding in forma pauperis in this action unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some other later time.  See Andrews, 493 F.3d at 1053.  "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful." Id. at 1057 n.11.  Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical.  To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).  "Vague and utterly conclusory assertions" of harm are insufficient.  White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998).  That is, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

Plaintiff names the world as the defendant in this action.  (ECF No. 1 at 1.)  Plaintiff first alleges the world violated the Tenth Amendment of the Constitution of United States of America.  (ECF No. 1 at 4.)  Specifically, plaintiff alleges that the defendant, the world, is obstructing his powers to achieve world domination.  (ECF No. 1 at 4.)  Plaintiff asserts that he is injured monetarily by the prevention of his world dominion and he is "being threatened and in danger of death in World War III."  (ECF No. 1 at 4.)  Plaintiff's second claim asserts that there is a threat

3

1    to his safety through the violation of the Fourteenth Amendment of the Constitution of the United
2    States of America.  (ECF No. 1 at 5.)  Plaintiff alleges that the world is harming him by being full
3    of evils.  (ECF No. 1 at 5.)  Finally, plaintiff alleges that the world has violated the First
4    Amendment of the Constitution of the United States of America by preventing him from
5    exercising his right to assembly.  (ECF No. 1 at 6.)  He asserts without access to the internet he is
6    unable to gather his fellow citizens which has resulted in harm.  (ECF No. 1 at 6.)

7    　　　　The undersigned has reviewed Plaintiff's complaint and finds that his allegations do not
8    satisfy the imminent danger exception to section 1915(g).  Andrews v. Cervantes, 493 F.3d 1047,
9    1053-55 (9th Cir. 2007). In the complaint, Plaintiff attempts to raise claims against the world.
10   (ECF No. 1.)  He appears to raise claims asserting injury both physical and economical for lack of
11   access to the internet and being confined.  (ECF No. 1.)  "Imminent danger of serious physical
12   injury must be a real, present threat, not merely speculative or hypothetical." Blackman v.
13   Mjening, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). To meet his burden under § 1915(g),
14   Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of
15   misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton,
16   319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent
17   danger or insufficient. White v. Colorado, 157 F.3d 1226, 1231–32 (10th Cir. 1998).

18   　　　　The allegations in the complaint disjointed and difficult to decipher at best and appear to
19   raise only frivolous allegations. Accordingly, the undersigned finds that plaintiff does not meet
20   the imminent danger exception described in § 1915(g) and should only be allowed to proceed
21   with this action if he pays the filing fee.

22   　　　　　　　　　　　　　　　　　　**CONCLUSION**

23   　　　　IT IS HEREBY RECOMMENDED that:

24   　　　　1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be denied;

25   　　　　2.  The court find plaintiff accrued three strikes under 28 U.S.C. § 1915(g) prior to filing
26   this action; and

27   　　　　3.  The court order plaintiff to pay the $402 filing fee in order to proceed with this action.

28   　　　　These findings and recommendations will be submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in a waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 16, 2024

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:16
DB/DB Prisoner Inbox/Civil Rights/S/long01739.3strikes